ESTATE OF Adelia E. BROWN, Deceased, G. C. Brown, Executor, Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 28688

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

May 14, 1970.

G. C. Brown, pro se, Hereford, Tex.

Frank Gaston, Plainview, Tex., for petitioner.

Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson, Atty., Tax Division, U. S. Dept. of Justice, Washington, D. C., K. Martin Worthy, Chief Counsel, Christopher J. Ray, Atty., Internal Revenue Service, Washington, D. C., Elmer J. Kelsey, Stephen Schwarz, Attys., Dept. of Justice, Tax Div., Washington, D. C., for respondent.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

■ This is an appeal from a decision of the Tax Court finding a deficiency in estate tax due from decedent's estate in the amount of $22,157.02. This amount represents the additional tax due because of the difference between the reported value of 619 acres of farmland in Floyd County, Texas, at the date of decedent's death on May 13, 1962, of $136,595 (or an average of about $221.00 per acre) and the value found by the Tax Court of $208,000 (or $336.00 per acre). We affirm.[1]

The sole question determined by the Tax Court was the fair market value of the property. There is no dispute that "The fair market value is the price at which the property would change hands between a willing buyer and a willing seller, neither being under any compulsion to buy or to sell and both having

1. Pursuant to our Rule 18 this case is decided without oral argument.

reasonable knowledge of relevant facts." Treas.Reg. § 20.2031–1(b) (1954 Code). This, of course, does not mean that there must be an actual offer for the property at the value contended for by either party, as taxpayer seems to imply.

Taxpayer complains that the Tax Court apparently gave more credence to the Commissioner's expert than to taxpayer's witness who was knowledgeable about local conditions; that when purchases were made of a part of the property one and two years after decedent's death, at prices substantially in excess of the appraisals of either party, the erosion had by that time been leveled, the noxious weeds poisoned, heavy rains had produced a record crop on the second planting, a hybrid sorghum had doubled the yield from any previous harvest, and a pavement was approved that bisected the estate. It is claimed that the Commissioner's expert took these factors into consideration in arriving at his appraisal, yet none of them were foreseeable in May of 1962.

A careful examination of the record convinces us that the appraisal was objectively made using comparable sales with adjustments made for the size and condition of decedent's property at the time of her death. It appears that the only significance placed on post death sales was to develop a reasonable "land appreciation curve."

"[O]ur powers of review are very straitly limited upon all issues of fact * * * and that limitation is particularly narrow when the issue is one of value." Sisto Financial Corporation v. Commissioner of Internal Revenue, 2 Cir. 1945, 149 F.2d 268, 269. When the Tax Court's finding "has a basis in the record taken as a whole its determination is considered as final on appeal." Anderson v. Commissioner of Internal Revenue, 5 Cir. 1957, 250 F.2d 242, 249, cert. denied, 356 U.S. 950, 78 S.Ct. 915, 2 L.Ed.2d 844.

The Tax Court's finding of $208,000 as the fair market value of decedent's farmland on the date of her death is supported by substantial evidence and therefore it is

Affirmed.